UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA SMITH,

      Plaintiff,                          Civil Action No.  17-12056

v.                                  HON. VICTORIA A. ROBERTS
                                      U.S. District Judge
                                      HON. R.  STEVEN WHALEN
COMMISSIONER OF SOCIAL         U.S. Magistrate Judge
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Christina Smith brought an action under 42 U.S.C. §405(g) challenging a final decision of Defendant Commissioner denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. On August 7, 2018, the Court, adopting my Report and Recommendation, granted summary judgment to the Plaintiff and remanded the case to the administrative level for further proceedings, pursuant to Sentence Four of § 405(g) [ECF No. 25]. The Plaintiff prevailed on remand, and was awarded past benefits. Before the Court at this time is Plaintiff's Motion for Award of Attorney Fee  Pursuant to 42 USC § 406(b) [ECF No. 28], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  The Defendant Commissioner has not filed a response.  For the reasons

discussed below, I recommend that the Plaintiff's motion be GRANTED.

## I.    FACTS

Following this Court's remand  and entry of judgment in favor of the Plaintiff, Plaintiff was granted attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,338.75.[1]  Plaintiff prevailed on remand, including receiving an award of past due benefits.  An August 6, 2020 award notice indicated that $27,262.25 was being withheld for attorney fees. *Plaintiff's Exhibit B*, ECF No. 32-2, PageID.1688.

Plaintiff's counsel now seeks attorney fees under 42 U.S.C. § 406(b), in the amount of $13,180.00, with $4,914.52 being refunded to the Plaintiff.

Counsel has submitted Plaintiff's approval of the fee petition for $13,180.00. ECF No. 32, PageID.1690.

## II.    DISCUSSION

42 U.S.C. §  406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). As is typical in Social Security Disability cases, Plaintiff's attorney states that he entered into a 25% contingent fee agreement with Plaintiff.[2]  In *Gisbrecht v.*

---

[1] $624.23 was for Plaintiff's pre-existing debt to the government, so counsel received $4,914.52.

[2] Counsel states that the contingent fee agreement was submitted as Exhibit C. ECF No. 28, PageID.1673, ¶ 3. However, there is no Exhibit 3 on the docket. I therefore recommend that the award of fees be contingent on counsel providing the fee agreement to the Court.

*Barnhart*, 535 U.S. 789, 122 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

> *Gisbrecht* rejected the lodestar approach as the measure of reasonableness in a § 406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved."

Counsel posits that the award of past benefits in this case was $109,049.00, based on 25% of that amount ($27,262.25) being withheld for attorney fees. However, he has not submitted final documentation from the Social Security Administration confirming the amount of past benefits. He should submit that documentation before the entry of a final order granting attorney fees.

Otherwise, the request for fees under § 406(b) does appear to be reasonable. Clearly, counsel obtained excellent results for Plaintiff. If counsel is correct, his request for $13,180.00 would be about 12% of the award for past benefits, and his estimated hourly rate of $400.00 per hour is in line with similar fee awards.

Fees under § 406(b) are offset by any award of EAJA fees. *See Astrue v. Ratliff,* 560

U.S. 586 (2010).  Therefore, upon receipt of such fees, an amount of $4,914.52 should be refunded to Plaintiff.

### III.   CONCLUSION

I recommend that Plaintiff be awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $13,180.00, contingent upon counsel providing to the Court (1) a copy of the contingent fee agreement, and (2) documentation from the Social Security Administration as to the exact amount of the past-due benefits.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue

contained within the objections.

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

Dated: February 10, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 10, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager